# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                    No. CV-05-1253 WJ/LFG
                                                                      CR-04-1387 WJ

JOSE ALFREDO VARELA-ORTIZ,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for preliminary consideration of Defendant's motion to vacate or reduce sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 21) filed November 30, 2005. *See* 28 U.S.C. § 2255 R. 4(b). In the captioned criminal proceeding, Defendant entered a guilty plea and was convicted of reentry by a deported alien previously convicted of an aggravated felony under 8 U.S.C. § 1326(a)(1)-(2) and (b)(2).[1] He claims that his sentence exceeds the statutory maximum for the offense charged in the indictment[2] and the Court erred by imposing a sentence under the U.S. Sentencing Guidelines. The motion will be dismissed.

In his first claim, Defendant alleges that the criminal information did not charge a prior conviction. To the contrary, the information (CR Doc. 8) specifically charges that Defendant previously had been "convicted of an aggravated felony . . . , that being Possession with Intent - Cocaine." This claim is thus devoid of factual support. Although Defendant alleges that he raised this issue on appeal, the Tenth Circuit's order of affirmance makes no mention of a claim that the sentence exceeded the statutory maximum for the offense charged. Furthermore, the rulings in

---

[1] Defendant previously had been convicted on drug charges in case No. CR-02-1719 JC.

[2] The record indicates that Defendant waived indictment and was charged by an information.

*Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and *Shepard v. United States*, 544 U.S. 13 (2005), do not support a claim based on these allegations. *See United States v. Moore*, 401 F.3d 1220, 1224 (10th Cir. 2005). The first claim will be dismissed.

For his second claim, Defendant asserts that the Court erred in calculating his sentence by applying the Sentencing Guidelines. *See United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). Although the Court of Appeals agreed with this proposition, *see United States v. Varela-Ortiz*, 149 F. App'x 762, 764 (10th Cir. 2005), Defendant's sentence was affirmed.[3] As the court stated,

> Mr. Varela-Ortiz also argues that the district court committed non-constitutional *Booker* error by imposing his 46-month sentence pursuant to then-mandatory Guidelines. At the sentencing hearing, the district court adopted the PER's factual findings and Guidelines applications, which yielded a recommended Guidelines range of 46 to 57 months. The district court sentenced Mr. Varela-Ortiz at the bottom of that range. Our cases establish that this is an error that is plain. However, in order to satisfy the fourth prong of plain error analysis--that the error seriously affect the fairness, integrity, or public reputation of judicial proceedings--Mr. Varela-Ortiz must also demonstrate that the error was "particularly egregious." Mr. Varela-Ortiz points to nothing in the record that would satisfy that standard. The circumstances of this case are "run of the mill." Mr. Varela-Ortiz pled guilty and had nothing remarkable in his criminal history, and the district court straightforwardly applied the Guidelines and sentenced him at the bottom of the recommended Guidelines range. His sentence is therefore typical of the range imposed upon similarly situated defendants who have committed similar crimes. Nothing in this non-constitutional Booker error impugns the fairness, integrity, or public reputation of judicial proceedings, and relief on plain error review is therefore inappropriate.

*Id.*, 149 F. App'x at 764 (internal citations omitted). The Tenth Circuit's disposition of the *Booker*

---

[3] The Court notes that Defendant filed his notice of appeal only in the drug case, No. CR-02-1719 JC, seeking review of the "Judgment . . . entered on December 7, 2004." The Court had entered judgments in both cases on that date. The caption of the notice contains a notation, handwritten and subsequently marked out, of case No. CR-04-1387 WJ. No notice of appeal was entered on the docket in case No. CR-04-1387 WJ. Furthermore, the Tenth Circuit's PACER docket and order of affirmance identify only case No. CR-02-1719 JC as the subject of appeal. This Court considers these inconsistencies to be clerical or administrative errors only. The Court of Appeals clearly ruled on Defendant's claims against his illegal reentry sentence in this case as well as his challenge of the revocation of supervised release in case No. CR-02-1719 JC.

issue precludes relief on this claim in a § 2255 motion. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). Alternatively, in view of the procedural irregularities described in footnote 3 above, the Court adopts the Tenth Circuit's analysis and disposition of Defendant's *Booker* claim. No relief is available on Defendant's second claim, and the Court will dismiss the § 2255 motion.

IT IS THEREFORE ORDERED that Defendant's motion to vacate or reduce sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 21) filed November 30, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE